FILED

# IN THE
# UNITED STATES DISTRICT COURT
# FOR
# THE EASTERN DISTRICT OF VIRGINIA
# (ALEXANDRIA DIVISION)

**RAY ELBERT PARKER,**  
Southern Tower Apartments  
*The Graham Building*  
5021 Seminary Road  
Suite 725  
Alexandria, Virginia 22311  
(703) 328 – 1015  

                      Plaintiff  

Civil Action No. 1:19CV422-TSE/JFA

**SOUTHERN TOWER APARTMENTS,**  
**LLC,** Richard P. Earkin, President, individually  
and in his official capacity or alternatively,  
any party currently in that position, all Southern  
Tower Apartments, LLC, and all member-  
managers of the legal entity doing business in the  
State of Virginia  
4600 North Fairfax Drive  
Arlington, Virginia 22203  
(703) 358 – 0022  

       And  

**VIRGINIA MANAGEMENT, INC.**  
Richard P/ Earkin, President, or his successor,  
Individually and in his official capacity and all  
corporate officials, individually and in their  
official capacity  
4600 North Fairfax Drive  
Arlington, Virginia 22203  
(703) 358 – 0022  

       And

*CARUTHERS PROPERTIES, LLC*  )
Justin W. Miller or alternatively, person currently  )
in the position, All Management-Members of  )
Southern Tower, LLC and the Caruthers family:  )
Preston Cruthers. Chairman; James K. Gladden,  )
Vice President; Stephen Caruthers and all  )
Member-Managers of the Virginia legal entity  )
4600 North Fairfax Drive  )
Suite 1000  )
Arlington, Virginia 22303  )
(703) 358 – 0022  )
  )
      And  )
  )
*BELL PARTNERS, INC,*  )
Steven D.. Bell, Chairman; Lili, F. Donn,  )
President; Jon D. Bell, CEO;  and all Vice  )
Presidents of the Senior Management Team,  )
individually and in their individual official  )
capacity  )
300 North Greene Street  )
Suite 1000  )
Greensboro, North Carolina 27401  )
(336) 232 – 1900  )
  )
_____)

## COMPLAINT
## FOR LIBEL AND SLANDER; REVERSE AGE, RACE, SEX DISCRIMINATION; MALICIOUS PROSECUTION; INFLICTION OF EMOTIONAL DISTRESS; LOSS OF PEACE OF MIND; PERSONAL AND PROFESSIONAL INJURY; BREACH OF CONTRACT; AND *ONGOING  GENTRIFICATION DIS*PLACEMENT AND EVICTION

1. **COMES NOW** the plaintiff, *Ray Elbert Parker pro se* and files the above captioned Complaint involving alleged willful, clandestine, surreptitious, diabolical, and *malicious* acts, actions, behavior and conduct by defendants' named herein. Mr. Parker moves this honorable court for *declaratory* and *injunctive* relief and for *damages* as set forth herein against defendants', individually and collectively, due to the magnitude of the *ongoing* injury inflicted with *reckless abandonment*.

3

## JURISDICTION

2. The above cause of action <u>arises under</u> federal law pursuant to 28 U. S. C Sections 1331, 1332, 1343, 2201, 2202; 42 U. S. C. Sections 1983, 1985 (3), 1988; Civil Rights Acts of 1866 [14 Stat. 27 – 30], 1964 [Pub. L. 88 – 352, 78 Stat. 241], 1968 [Pub. L. 90 - 284, 82 Stat. 73]; 15 U. S. C. Sections 2601 et seq.; 29 CFR 1910 – 1001; Articles IV, V, VII, IX, XIV (1}; and Rule 8 (a) (1) (2) (3) FRCP.

## PARTIES

3. Plaintiff, *Ray E. Parker,* is a **91** year old senior citizen, an honorable Korean War veteran (1950 - 1954), a federal government top-of-the-top retiree living solely on a diminishing pension, a college graduate and a lifetime native Virginian domiciled in the Commonwealth of Virginia in Alexandria with residence currently renting at the Southern Tower *Graham Building* owned and operated by defendants. Mr. Parker has been a resident of the *Graham Building* in good standing for the past three years without ever being in default, tardy or missing a rent payment over a three year period dating from 2016 up to and including the present, but has now suffered personal injury directly attributable to defendants.

Mr. Parker has a legally protected and tangible *personal* stake in the outcome of this controversy as a direct result of the *personal* and *business injury* directly traceable to defendants.

4. Defendant, *Southern Tower Apartment, LLC,* a Virginia limited liability company and a property owned and operated by Virginia Management, Inc., an Arlington County based company doing business in Virginia as a separate legal entity with everything whatsoever under the umbrella of a separate legal structure and contractual agreements

4

5. Defendant, *Virginia Management, Inc,.* a Virginia corporation, is a legal entity based in Arlington County with named defendants' heading up the real estate business with properties all over northern Virginia which they control and operate under different legal entities or fictitious names, but owned by the same people. The *Graham* is one such *gentrification* property.

6. Defendants, *Caruthers Properties, LLC,* is a family owned legal entity with real estate interest through-out northern Virginia including the Southern Tower Apartments with their place of business in Arlington, Virginia, who at all tines relevant share the profits from all Towers Apartments.

7. Defendant, *Bell Partners, LLC,* is based in the *State of North Carolina* as part of the legal chain of the Southern Tower empire.

## STATEMENT OF THE CASE

8. Mr. Parker moved into the Southern Tower *Graham Building* in January **2016** on a yearly lease which was renewed annually for **2017, 2018** and **2019 - 2020,** the new lease beginning on **May 1, 2019** up to and including **April 30, 2020**. Home owners insurance acquired as required by tenant's contract. Plaintiff at all times relevant has never been in default of any of the conditions of contract nor has he ever violated the rights and respect of any staff members or tenants at any time whatsoever.

Mr. Parker is a **91** year old senior citizen with only **180** months left in his life 'til age 100 with the uncertainty of what life will "give or take away" during the in-between. Mr. Parker lives alone and the sole survivor of the way of life of his family and generation friends, who allegedly have made a permanent career change.

Plaintiff moved into the Graham because of the dependence and convenience of public transportation since he is no longer allowed or capable of driving vehicles because of loss of eye-sight due to diabetes for over forty years. However, the primary purpose for selecting the location as a permanent residence was that it was minutes away from numerous doctors who can't prevent aging and

5

death nor will they volunteer leaving plaintiff alone for "God's Little Acre" reservation. Mr. Parker is conditioned to an *ongoing* health monitoring by specialist which is not only essential for health reasons, but time consuming and difficult with inclrment weather.

Plaintiff had triple bypass heart surgery in **2007** without previous warning. Because arrhythmia is serious, doctors implanted a *defibrillator* in the chest to help control heart rhythm, which limits lifting weights above thirty **(30)** pounds. Virginia heart doctors monitor Mr. Parker every four months both by four month office visits and continuously at home on their electronic computerized machine, which cost $75,000.00 dollars and must be replaced every five years; further, the monitor must remain within 8 feet of the bed and must remain connected at all times. Mr. Parker is also dependent on *ongoing* medical treatment by the following:

1. Robert J. Gibson, M. D. (Primary doctor Diabetes/Thyroid) Every 4 weeks;
2. Frederick M. Stier, M. D. (Urologist/prostrate) Every 6 months;
3. Angelo Pace, M. D (Podiatrist/diabetic feet). .Every two months;
4. Jennifer Wu, M. D. (Gastroenterology/internal medicine) Every 6 months;
5. `Marvin Chadab, M. D. (Dermotology- treating cancer) Every 4 weeks;
6. Stephen P. Rosenfeld, M. D. (Cadiologist) Every 4 months;
7. Sundeep Kasi, M. D. (The Retina Group); Every 6 months;
8. Aurelia/Adam Roca, M. D's (Denistry) Every 6 months;
9. David B. Summer, M. D. (Ophthalmology/Eye surgery) Every 6 months ;
10. Lyad S. Saidi, M. D. (Nose/throat) As needed;
11. Anthony Chang, M. D. (Defibrillator surgery/monitoring) Every 4 months

Mr. Parker availed himself of these outstanding specialist for the past 40 years, but now due to defendants callous behavior he has been placed *in harms way*.

## FIRST CAUSE OF ACTION

9.. The allegations contained in Paragraphs 1 - 10 are incorporated herein, by reference, pursuant to **Rule 10 (c)** of the Federal Rules of Civil Procedure, as if fully stated again.

10. Plaintiff alleges that defendants named above by negligent disregard for the consequences of their callous act, actions, behavior, conduct and *racial* collusion, defame and damage plaintiff's reputation, dignity. character and life, which by their rashness, *racial identity,* demonizing and impulsive rush to judgment as judge, jury and executioner without any form of due process whatsoever evidence malicious, arbitrary, capricious subterfuge to disguise *racial motive* that creates a cause of action when caucasions are judged "guilty to proven innocent" by self-serving executioners indoctrinated into the *Meism* and *socialism* culture.

Mr. Parker alleges that he is the victim suffering *personal injury* and loss of legal rights by defendants' *reverse discrimination* to totally destroy one's life under the pretense of Virginia law favoring *gentrification, economic determinism* and *abusive civil rights* in a Nation where "white is no longer a color" according to America politics snd Presidential 2020 campaign rhetoric.

## SECOND CAUSE OF ACTION

11. The allegations contained in Paragraphs 1-10 are incorporated herein, by reference, pursuant to **Rule 10 (c)** of the Federal Rules of Civil Procedure, as if fully stated again.

12. Plaintiff alleges that this law suit is a microcosm of what is happening in America today that introduce this generation to a new era of *McCarthyism* where the common denominator is *race* that demands *conformity* in every area of American life and *conformity in silence.*

7

payment on the previous lease, which expires on **April 30, 2019** Which was deposited by defendants in the bank on **April 3, 2019.**

At the midnight hour of **Monday, April 1, 2019,** *a Notice of Eviction* was shoved under Mr. Parker's apartment door at *11:30 p. m.* containing alleged libelous innuendo and statements void of specificity and clarity which allegedly involves grounds for *slander* by communicating with third parties by aiding and abetting with those dictating eviction and future consequences, a copy of notice attached hereto as plaintiff's **EXHIBIT A**.

Plaintiff alleges, *under oath and threat of perjury*, that at no time whatsoever during his three years living at the *Graham* that prior to the malicious and unlawful service he has at all times relevant been in compliance with any and all contents whatsoever of his annual contracts.

It is further alleged that at no time whatsoever did anyone whatsoever on the planet notify, discuss or indicate to plaintiff in any way whatsoever nor at any time whatsoever of defendants' intended action prior to this alleged defamatory midnight delivery. Mr. Parker received a second copy of the *Notice of Eviction* from defendants' law firm, Baskin, Jackson & Lasso, P. C., dated **April 2, 2019,** which was received by plaintiff on **April 3, 2019** by U. S. Post Office mail that reinforced the actual threat and immediate rationed days to terminate Mr. Parker's residency with consequences to literally destroy the last chapter of Mr. Parker's life, a copy attached hereto as plaintiff's **Exhibit B**.

Plaintiff alleges that defendants were in violation of Virginia State law procedure for their manufactured displacement and destruction of Mr. Parker's twilight years and that the *malicious* intent carried out to the detriment of plaintiff supports Mr. Parker's claims for libel and slander entitling him to damages and a remedy by this honorable court.

8

## THIRD CAUSE OF ACTION

13. The allegations contained in Paragraphs 1 - 12 are incorporated herein pursuant to **Rule 10 (c)** of the Federal Rules of Civil Procedure, as if fully stated again.

14. Plaintiff alleges that the sever action taken illegally, and allegedly in "bad faith" *Breach of Contract by* the barons of *gentrification*, destroys plaintiff's music business and wipes out years of building affiliations and the only avenue of employment for a **91** year old senior who is unemployable. After signing his new lease on **February 15, 2019**, Mr. Parker, with "good faith" intent, invested in expensive electronic equipment necessary to compete in an entertainment industry evolving into a search engine, downloading, streaming world based on his decision to remain a permanent resident of the *Graham,* which is now being destroyed by defendants' ruthless, callous and insensitive lack of concern for anything but money.

Mr. Parker alleges *financial harm* by lose of business opportunities resulting from defendants oppressive behavior and defamatory point of origin that will destroy profits from intellectual property dealing with a world-wide industry, market and evolving business in the entertainment industry. which allegedly results in *irreparable* lose and injury. See Plaintiff's attached **Exhibit C**.

## FOURTH CAUSE OF ACTION

15. The allegations in Paragraphs 1 - 14 are incorporated herein pursuant to **Rule 10 (c)** of the Federal Rules of Civil Procedure, as if fully stated again.

16. Plaintiff alleges that defendants wrongful displacement and *malicious prosecution* forces Mr. Parker into bankruptcy since he relies solely on his diminishing federal annuity. Mr. Parker alleges this case brings before this honorable court a constitutional and civil rights issue based on discrimination in violation of civil rights provisions and constitutional amendments as set forth above, challenging social steering, economic determinism and *gentrification,* the process of this century developers and

municipalities that allow the process of renting, *renewal*, renovation and building accompanying the influx of the middle class people into deteriorating or red -lined areas to promote *diversity* that displaces, evicts and often result in *street person existence* for earlier residents who can't afford exorbitant increased rents collected by *Robbing Hoods* of budding empires that steal from the poor to give to the rich or alternatively, the advocates of the new golden rule: *"Those who have the 'gold' and the 'power' - RULE."*

The *factual* plausibility in this Complaint is more than sufficient to allow this honorable court to draw a *reasonable* inference that defendants are liable for their acts, actions and injurious misconduct as a matter proper for *jury deliberation*. Mr. Parker has legitimate and legal *standing* that this court has venue, *subject-matter jurisdiction, diversity jurisdiction* and *federal court jurisdiction;* and, that the Complaint on its face in accordance with **Rule 8** of the Federal Rule of Civil Procedure *states a cause of action upon which relief can be granted,* and Plaintiff states that good faith service of process has been initiated and carried out in this cause of action.

**WHEREFORE,** plaintiff prays that this honorable court grant relief for the following;

1. Enter an Order that defendants' are in violation of plaintiff's civil rights for reasons set forth above;

2. Enter an Order for reinbursement of costs for plaintiff being forced to file this law suit;

3. Enter a cease and desist Order to halt Mr. Parker's eviction and *malicious prosecution*;

4. Enter an Order finding abusive *gentrification* unconstitutional and in violation of civil rights;

5. Enter an Order awarding Mr, Parker *General Damages, Compensatory damages, Special damages, Speculative damages, Statutory damages, Aggravated damages,*

10

*Restitution-disgorgement damages and Punitive damages* in the amount of One Billion Dollars ($1,000,000,000.00);

6. And any other damages or relief this honorable court may deem appropriate;

## TRIAL BY JURY REQUESTED

Plaintiff moves this honorable court for *trial by jury of twelve,* pursuant to **Rules 16, 38 (a) (b), 39 (a), 40** of the Federal Rules of Civil Procedure, **28 U. S. C. Sections 1332 (1)**, Amendments **I, VII, XIV Section (1)** of the Constitution of the United States. The exercise of this right to trial satisfies the *threshold* requirements as stated above, The claims asserted triggering the right to trial by jury;

I agree to provide the Clerk's Office at all times relevant with any change of address resulting from any action(s) by defendants' where related papers may be served. I understand that any failure to keep a current address on file with the Clerk of the Court may result in the dismissal of the case.

Respectfully submitted,

/s/ *Ray Elbert Parker*
Ray Elbert Parker,
Plaintiff pro se

5021 Seminary Road
Suite 725
Alexandria, Virginia 22311
(703) 328 - 1015

11

I, *Ray Elbert Parker,* hereby certify before the *Notary Public* named below that the Complaint has been prepared by him without any legal, or other form of assistance in any form whatsoever; and, that the allegations contained herein are true to the best of my knowledge, opinion and belief.

/s/ ___Ray Elbert Parker___
Ray Elbert Parker

## NOTARY PUBLIC

**STATE OF VIRGINIA**     )
                          )
**CITY OF ALEXANDRIA**    )
                          )
_____   )

The signatory named herein, and the signatory party named above having come before me and identified by me as the signatory plaintiff for this Complaint, and any and all allegations contained herein to be accurate, factual and true, *under oath* and *threat of perjury*, which states with specificity and clarity a valid claim upon which relief may be granted , it is hereby, sworn and subscribed to before me on this __8TH__ day of **April, 2019**.

/s/ _____
NOTARY PUBLIC
My Commission expires: __3/31/2022__

Shon B. Koly
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #362801
My Commission Expires
March 31, 2022