**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **RAY ELBERT PARKER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:19cv422** |
| | ) | |
| **SOUTHERN TOWER** | ) | |
| **APARTMENTS, et al.,** | ) | |
| **Defendants.** | | |

<u>**ORDER**</u>

The matter is before the Court following a *sua sponte* review of the record. The *pro se* plaintiff alleges he is a white, 91-year-old, male who was recently evicted from his apartment in Alexandria, Virginia. Plaintiff attached the eviction letter he received from his landlord to his Complaint, and that letter states that plaintiff was evicted for making inappropriate comments to, and touching, the landlord's female staff members. Plaintiff claims the stated reason for his eviction is false and is suing his landlord for "libel and slander; reverse age, race and sex discrimination; malicious prosecution; infliction of emotional distress; loss of peace of mind; personal and professional injury; breach of contract; and ongoing gentrification displacement and eviction." Pl.'s Compl. at 1.

When any federal case is filed, it is axiomatic that federal courts have "an independent obligation to assess [their] own subject-matter jurisdiction." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). In this case, there are two possible bases for exercising federal jurisdiction: (i) federal question jurisdiction, which requires that the civil action "aris[e] under the ... laws ... of the United States," *see* 28 U.S.C. § 1331; or (ii)

diversity jurisdiction, which requires diversity of citizenship between the parties and an amount in controversy equal to or exceeding $75,000, *see* 28 U.S.C. § 1332. At this time, neither can serve as a ground for exercising federal jurisdiction over this case.

First, there are no facts in plaintiff's complaint that give rise to a claim for housing discrimination under federal law. The Fair Housing Act ("FHA") makes it illegal "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. A plaintiff bringing an FHA claim must ultimately prove that race, religion, sex, familial status or national origin were "motivating factors" for the challenged housing decisions. *See Hadeed v. Abraham*, 103 F. App'x. 706, 707 (4th Cir. 2004). Here, plaintiff's complaint merely recites facts about himself: he is white, he is male, and he is 91-years old. He then states in a conclusory fashion that defendants were "motivated by race" and that:

> [H]e is the victim suffering personal injury and loss of legal rights by defendants' reverse discrimination to totally destroy one's life under the pretense of Virginia law favoring gentrification, economic determinism and abusive civil rights in a Nation where 'white is no longer a color' according to America [sic] politics and Presidential 2020 campaign rhetoric.

Pl.'s Compl. ¶ 10. Plaintiff cannot invoke federal "arising under" jurisdiction by merely introducing himself (and noting some of his immutable characteristics) and then baldly asserting that he was discriminated against without any supporting factual allegations. If plaintiff can assert facts to support a federal claim for housing discrimination, he will be given an opportunity to replead. But at this point, he has not alleged sufficient facts to invoke federal question jurisdiction.

Based on plaintiff's complaint there is also no basis for exercising federal diversity jurisdiction. Specifically, the citizenship allegations in plaintiff's complaint defeat diversity jurisdiction because plaintiff claims to be a citizen of Virginia and further claims that the defendants are all citizens of Virginia.[1] Moreover, there are no factual allegations that plaintiff was damaged in the amount of $75,000 or more, even though plaintiff seeks one billion dollars ($1,000,000,000) in damages in his Complaint. Accordingly, diversity of citizenship cannot serve as a basis for exercising federal jurisdiction over plaintiff's case based on the allegations that are currently in his Complaint. If plaintiff wishes to assert state law claims for wrongful eviction, defamation, breach of contract, and intentional or negligent infliction of emotional distress, he may wish to proceed in state court or amend his complaint in this case to assert federal diversity jurisdiction over his state law claims.[2]

Accordingly,

It is hereby **ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of federal jurisdiction.

It is further **ORDERED** that plaintiff shall have until **May 24, 2019 at 5:00 p.m.**, to file an amended complaint should he choose to do so. Plaintiff is warned, however, that he must comply with the Federal Rules of Civil Procedure, including Rule 11,[3] should he choose to file an amended complaint.

---

[1] Under § 1332, complete diversity must exist; "that is, every defendant must be a citizen of a state different from every plaintiff." *Patriot Energy, Inc. v. Columbia Nat. Res., LLC.*, No. 2:07-CV-00630, 2008 WL 11432159, at *1 (S.D.W. Va. Jan. 15, 2008).

[2] Because plaintiff has already represented that the parties are non-diverse, it is clear that he cannot amend his complaint to assert diversity jurisdiction unless he learns that the citizenship of the parties is different than what he alleged in his original complaint.

Moreover, it appears on this record that plaintiff is indigent. Therefore, the Clerk is directed to return plaintiff's $400 initial filing fee. If plaintiff decides to file an amended complaint, he must either file a motion to proceed *in forma pauperis* (and provide sufficient details about his finances to permit the Court to make an informed decision regarding his financial status) or re-pay the $400 initial filing fee.

The Clerk is directed to provide a copy of this Order to plaintiff at his last known address and to place this matter among the inactive causes.

Alexandria, Virginia
May 3, 2019

/s/
T. S. Ellis, III
United States District Judge

---

[3] Before filing a pleading in federal court, the plaintiff, although *pro se*, must sign the pleading certifying that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). There is good reason to be skeptical that plaintiff can amend his complaint without violating Rule 11. Therefore, plaintiff is warned that if he files an amended complaint that violates Rule 11, he may be subjection to sanctions.

4