IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RAY ELBERT PARKER,           )
Plaintiff,                   )
                             )
v.                           )       Case No. 1:19cv422
                             )
SOUTHERN TOWER               )
APARTMENTS, et al.,          )
Defendants.                  )

## ORDER

The matter is before the Court on *pro se* Plaintiff Ray Elbert Parker's motion for reconsideration of an Order issued on August 12, 2019. Plaintiff filed this case in the Eastern District of Virginia on April 9, 2019. On May 3, 2019, an Order issued dismissing the case without prejudice based on the Court's *sua sponte* review of the record. On review, there appeared to be no basis for exercising subject matter jurisdiction over plaintiff's complaint that he was evicted from his apartment in Alexandria, Virginia. In the Order, plaintiff was instructed that, should he choose to do so, he could file an amended complaint by May 24, 2019. Plaintiff did not, and has not, filed an amended complaint. On June 5, 2019, plaintiff moved to remand the case to state court. On August 12, 2019, an Order issued denying plaintiff's motion because the case could not be remanded where it was originally filed in federal court and where the case has been dismissed.

Plaintiff now moves for reconsideration of the August 12, 2019 Order pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. The motion, however, does not discuss how plaintiff meets the standard for reconsideration under either rule. Instead, plaintiff reports

1

that, following dismissal of this case, he filed a state court proceeding in Alexandria Circuit Court. The defendants in that case, removed it to federal court, where it was assigned case number 19-cv-657. Plaintiff's motion to remand in case number 19-cv-657 was also denied and plaintiff voluntarily dismissed that case. *See Parker v. Southern Tower Apartments, LLC, et al.*, No. 19-cv-657, Dkts. 15 and 16 (notice of voluntary dismissal and order of dismissal). Plaintiff argues that he did not appeal this Court's prior orders because appeal would be futile. Rather, plaintiff complains: (i) that the Court has "obstructed" his ability to serve his complaint; (ii) that a threat of sanctions chilled him from amending his complaint; and (iii) that plaintiff could not timely amend his complaint because of a myriad of health issues.[1]

Plaintiff's arguments are unavailing. The Fourth Circuit has recognized that the remedy provided by Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir.1979). Plaintiff's motion focuses on the August 12, 2019 Order denying the motion to remand. Yet, none of plaintiff's arguments address the August 12, 2019 Order specifically or why remand would be appropriate. As the Court held in the August 12, 2019 Order, plaintiff's case cannot be remanded when it was originally filed in federal court and where the case has already been dismissed.

Plaintiff's motion instead appears to focus on the original dismissal of his case. Plaintiff's arguments in this regard also fail to meet the exacting standard for reconsideration. Plaintiff's assertions of "obstruction" are unfounded. As the May 3, 2019

---

[1] Plaintiff also asserts that defendants are seeking costs against him. Defendants have not appeared in this case and are not seeking sanctions before this Court. Accordingly, this issue does not provide a basis on which the Court should reconsider the issuance of its prior orders.

2

Order indicates, plaintiff's complaint was dismissed for lack of federal jurisdiction and that dismissal became final when plaintiff failed to comply with the deadline set for amendment. Plaintiff has not been "obstructed"; rather, plaintiff failed to state a claim and then failed to follow the Court's Order regarding amendment. Plaintiff also asserts a baseless argument that he was dissuaded from filing an amended complaint by notice that sanctions would be imposed for further frivolous filings. In the May 3, 2019 Order, the Court advised plaintiff that he must comply with the Federal Rules of Civil Procedure, including Rule 11. The obligation to follow the rules falls on all parties, regardless of whether they are represented, and the Order did not impose any sanctions on plaintiff. Finally, plaintiff states that, because of his health issues, plaintiff could not timely amend his complaint. Plaintiff's own motion undermines this argument. In his motion, plaintiff admits that he *chose* to proceed in state court rather than amend his complaint in this matter. Plaintiff now seeks to avoid the consequences of that choice. He cannot do so. Moreover, plaintiff does not suggest that he *can* amend his complaint to state a claim. Plaintiff's allegations have now been dismissed twice – in this case and in civil case number 19-cv-657 – and plaintiff has not established that any proposed amendment would not be futile.

In short, plaintiff's motion fails to address the requirements of Rules 59 and 60 or to offer any basis on which the Court should reconsider its prior ruling on remand. Accordingly, plaintiff's motion must be denied. Plaintiff is again warned that all parties are expected to comply with the Federal Rules of Civil Procedure and must have a good faith factual and legal basis for their pleadings. If plaintiff persists in filing baseless motions, plaintiff may be subject to monetary sanctions.

3

Accordingly,

It is hereby **ORDERED** that plaintiff's motion for relief from the Court's order of August 12, 2019 (Dkt. 35) is **DENIED**.

To appeal this decision, appellant must file a written Notice of Appeal with the Clerk of this court within thirty (30) days of receipt of this Order. Failure to file a timely Notice of Appeal waives the right to appeal.

The Clerk is directed to provide a copy of this Order to plaintiff at his last known address.

Alexandria, Virginia
August 26, 2019

T. S. Ellis, III
United States District Judge

4